The court now calls case 118569 In re Q.P. Are you ready to proceed? Both sides? You ready? May it please the court. Counsel. Counsel. I'm Assistant Attorney General Lindsay Payne on behalf of the people of the state of Illinois. A person who is in custody for one purpose may act with the intention of preventing his apprehension on an unrelated criminal charge. The parties here agree that the term apprehension in the obstruction of justice statute means the seizure, taking, or arrest of a person on a criminal charge. The third district adopted this definition in its decision below, but then disregarded the portion of the definition that ties the seizure to a particular criminal charge. In so doing, the court truncated the definition of apprehension to simply a seizure. But that is not the definition that's used by this or any Illinois court. Q.P. had been apprehended prior to giving a false identity to the officer, but he had been apprehended only for vehicle burglary. He had not been apprehended on his outstanding juvenile warrant. If we plug the accepted plain meaning of apprehension into the obstruction of justice statute, then we must ask whether Q.P. provided that false identity with the intent of preventing his seizure, taking, or arrest on his outstanding warrant. If we do that, the answer to that question is surely yes, because Q.P. admitted as much. And under the plain language of the statute, it's Q.P.'s intention that matters. Here, the third district's decision creates an exception within the statute, and under that exception, no person may obstruct justice with the intent of preventing the apprehension of any person who's in custody for any purpose. That means that if I were to provide false information to a police officer about the whereabouts of a murderer, and that murderer just so happens to be subject to a traffic stop in any jurisdiction at that time, then under the third district's reading of the act, I have not obstructed justice with the intention of preventing that murderer's apprehension. And that is so even if the murderer is subsequently released from that stop without being identified as the murderer. So here, the third district's construction of the act undermines the purpose of the act, which is to reduce the burden on the justice system and to deter individuals from engaging in obstructive conduct aimed at relieving offenders of criminal liability. Instead, the third district's construction increases the burden on law enforcement and creates a loophole for individuals to obstruct justice once they are already in custody. Surely the General Assembly did not intend such a loophole. This court should give effect to the plain language of the term apprehension and should hold that an individual who is in custody for one purpose may act with the intent of preventing his apprehension for an unrelated purpose. If the court has no questions, I'd save my remarks for rebuttal. It doesn't appear there are any questions. Thank you. Thank you. Did you have... No, I don't. Good morning, Your Honors. May it please the court and the counsel. My name is Mark Fisher. I'm an attorney with the Office of the State Public Defender, Third Judicial District. I represent the minor respondent in this case, QP. Your Honors, QP raised a single issue before the Third District Appellate Court arguing that he was not proved guilty of obstruction of justice as charged in this case beyond a reasonable doubt because he was charged with giving a false name in order to avoid his apprehension, but he had already been apprehended at the time he gave the false name. The Appellate Court agreed and reversed the minor's conviction. The minor submits that this decision is correct and he respectfully asks Your Honors to affirm it. Now, just as was the case in the Appellate Court, the issue before Your Honors today is a narrow issue. It is fact-bound. It also turns on the interpretation of the term apprehension as it appears in the obstruction of justice statute. The Toronto Defense Counsel made the same exact argument to the trial judge and cited the decision from the Second District Appellate Court people versus Miller. In Miller, similar circumstances, the court found that the defendant was apprehended before giving false names and therefore could not have given the false names with the intention of avoiding his apprehension. Now, the trial judge distinguished Miller on the ground that in Miller the defendant was arrested and the judge believed that the minor in this case was not arrested. Now, initially the minor submits that the facts of this case show the trial judge was wrong. The minor was arrested. According to testimony at trial, police received a complaint of a vehicle burglar. Officer drove to the scene, saw the 16-year-old minor walking across the street. Officer believed that minor fit the description, the reported description, of the vehicle burglar or one of the alleged vehicle burglars. The officer exited his squad car, drew his weapon, commanded the minor to halt. Moved the minor over to the squad car, brought his arms behind his back, handcuffed him, searched him, placed him in a police car. Minor submits these facts show that he was in fact arrested contrary to the funding of the trial judge. But even if your honors would find that this was not an address I would submit to this court, that the appellate court was correct in finding it was a Fourth Amendment seizure and clearly an apprehension, I think under any reasonable definition of the term apprehension, this minor was apprehended. But what if we do what Ms. Payne said and plug in the definition of apprehension from Smith and Hogan? Well, clearly he was apprehended because he was a suspect in a vehicle burglary case. Now, I think the language of Miller and Hogan, the decision of this court in 1899, of the state sites and White's Law Dictionary, refers to the term charge, which is a little bit problematic because, of course, charging decisions are made by the prosecutor. And so certainly in some cases, a charge is made, a charging instrument is filed, a warrant is issued, and an individual is arrested based on that charge. But of course there are many cases where an individual is arrested before any charge has been filed. Perhaps offense would be a better term than charge in any event. Again, he was only stopped at gunpoint, handcuffed, searched, and placed in a police car because he was a suspect in a vehicle burglary. So I would submit to your honors that if charge or offense is required, that was the charge of offense here. That was why he was brought into custody. Mr. Fisher, on the appellate court's view, couldn't a person who's been seized just provide false information to police about other crimes without any repercussions? I don't believe so. I don't believe so. First of all, under this subsection of the obstruction of justice... Under this appellate court's view, though. Well, the appellate court reached a very narrow issue deciding that as charged in this case, the minor was not guilty because he was charged with giving false information to avoid an apprehension. The court found he was already apprehended, even the officer admitted that he only asked the minor his name and only received the false name after he put the minor in the back of the squad car. Now, I would submit to your honors that conceivably the state could have charged this minor with giving false information in order to avoid his prosecution with respect to the outstanding warrant. And this subsection of the statute does allow for prosecution based on giving false information or even concealing evidence to avoid either apprehension or prosecution. The appellate court found that no rational prior effect could have found that this minor was not apprehended. I think that's a logical, reasonable conclusion based on the evidence in this case. If the state brings up the outstanding warrant that the police only found out about after QP was brought to the police station, then conceivably the state could have charged QP with giving false information in order to avoid prosecution with respect to the outstanding warrant. And I think they could have accomplished that way what the state is arguing the obstruction of justice statute should accomplish. And I don't believe that in any way, shape, or form the decision of the appellate court would prove that possibility. The problem here for the state, once again, is that the minor was charged with giving false information solely to avoid apprehension. And the court relied on the charging instrument in reaching its decision as indeed it was required to do. For example, in 1984 this court decided a case called Gable v. Smith. And I acknowledge there are a couple of different Smith cases discussed in the briefs. This is a decision of this court from 1984 in which this court held that the charging instrument must give notice of the evidence of the charge and particularize it with allegations of the essential facts to enable the accused to prepare a defense. More recently and more specifically as to this particular statute, the appellate court in In Re and F in 2000 stated, and I quote, a charge of obstructing justice must be pleaded with particularity. And the elements of the charging instrument must be proved as alleged without variance. So the appellate court here simply looked to the charging instrument. The appellate court didn't ask, under the broad expanse of the obstruction of justice statute, could this minor be guilty? And I think that's really a hypothetical question that the state is posing to your honors. Rather, the appellate court looked to the wording of the charging instrument and asked, was the minor proved guilty as charged? And logically concluded, no, the minor was not proved guilty as charged because he was apprehended and gave the false name, so he could not have acted with the intent to avoid his apprehension. Now the case would be different if the minor were apprehended and then released. Certainly under those circumstances, an individual who's at large, who's free, can be questioned and give false information in order to avoid future action. But the court here, as did the Second District of People v. Miller, said under these circumstances, the individual is apprehended, he is still under that apprehension in custody when he gives the false name, he can't be somehow additionally or further apprehended. It's almost like the question, can an individual be a little bit pregnant? You're apprehended or you're not apprehended. If you're released and possibly apprehended at some point in the future, that's a different circumstance. But here the individual was apprehended, was never released, and so could not give false information in order to avoid apprehension for a different purpose. I believe that that stretches the term apprehension unduly and is not what the legislature considered here or intended here. Again, the state argues that this case sets a dangerous precedent. If that's so, then Miller also set a dangerous precedent. I don't believe it does. It's based on the facts, again, of this case and the manner in which this minor was charged. The state cites the Different People v. Smith case out of the Fourth District and claims there is a split of authority. The basis for the state's petition for me to appeal is that there is a split of authority between the Third District's decision in QP and the Fourth District's decision in Smith. Again, if that's true, there's really a split between QP and Miller on the one hand and Smith on the other. But I would submit to your honors that the different conclusions reached in the different cases were based on the different facts in those cases. Now, Smith is interesting because there are really three different opinions. But the justice who wrote the opinion for the court specifically stated that based on the facts of the case, he concluded that the defendant in that case had not been apprehended. The dissent voiced the opinion that the defendant had been apprehended, and therefore she would have held that she could not have attempted to conceal evidence in order to avoid her apprehension because she had already been apprehended. But the justice who wrote the decision for the court stated in his belief that the defendant had been apprehended. Now, there was a special concurrence, which I think is perhaps a little bit problematic, because a specially concurring judge wrote that in his opinion, the individual was seized but not yet arrested. And unfortunately, I think that almost goes back to the trial judge's decision in this case limiting apprehension to arrest. The respondent must agree here that the proper interpretation of apprehension goes beyond arrest. It includes a seizure. Perhaps what the judge meant there was his belief that the defendant was minimally seized because from the evidence in the case, she clearly was not wanted for any crime, wasn't really suspected of any crime, and it appears that if the officer had not believed that she was attempting to conceal evidence, she probably would have been released with some sort of a traffic stop and it wouldn't have turned there. But again, these cases are decided based on different facts and different conclusions as to those facts. I don't believe there is a split of authority that this court needs to resolve in this case. In summary, the minor submits that the public court was correct in finding he was apprehended because it was undisputed that he only gave that false name after and while he was still apprehended. He simply could not have acted with the mental state set forth in the charge in the instrument. For these reasons, the public court was correct to overturn the conviction based on reasonable doubt grounds, and the minor respectfully asks Your Honors to affirm. Thank you. Thanks, Your Honors. Thank you. I'd like to briefly address the standard of review in this case. It appears that the respondent is arguing that this was a factual issue that was determined by the third district that as a matter of fact, he had not been proven to be acting with this intent and had set forth in the people's brief. To the contrary, this is a legal issue. The third district's opinion determined that as a matter of law, a person who is already apprehended for any purpose cannot act with the intent to prevent their apprehension. And so the standard of review in this court is de novo. The respondent argued about whether P.U.P. was in fact arrested or simply seized in some manner. It doesn't matter for this court's decision. As I stated earlier, the court agreed that P.U.P. was apprehended on the vehicle burglary offense already. The trial court determined that as a matter of fact, he was not arrested at that time, that he had been merely detained for officer safety reasons. But this court may not resolve any distinction between arrest or seizure, a carry stop in order to determine that he could have acted with the intent to prevent his apprehension. May I ask you another question? Counsel pointed us to another statute, the obstruction of identification statute, which provides that the state must prove that the person intentionally or knowingly provided a false or fictitious name, residence address, or date of birth, and was either lawfully arrested or detained. And he certainly suggests that this is a more specific statute that would apply in this case. How should we handle that other statute? How does that inform our statutory interpretation of the obstruction statute? I think that that statute, along with several other misdemeanors that the General Assembly has created, really show the intent of the legislature here to punish more severely obstructive actions that include the specific intent to thwart the ends of justice. And those misdemeanors don't include any specific intent requirement. Obstruction of justice, on the other hand, does. So while he may have also violated that misdemeanor statute, here he admitted that he had the intention of evading arrest without stating a warrant. So certainly the prosecutor would be willing to question if he chooses to charge the felon in this case. My opponent also suggests that this case is somehow all about a charging mistake and that the real problem is that the prosecutors chose not to charge QP with obstructing his prosecution. But the question of whether QP obstructed his – acted with the intent of obstructing his prosecution in this case introduces additional questions of statutory interpretation. The criminal code provides a definition for prosecution. That definition is all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the incitement for the issuance of the information and including a final disposition of the case upon appeal. In this case, QP's outstanding warrant was for a probation violation. So had the state chosen to instead charge QP with obstructing his prosecution, we would at this point potentially be litigating the question of whether probation violation proceedings or prosecution as that term is used in the obstruction of justice statute. Whereas here, Respondent's conduct falls squarely within the claiming of apprehension. The state should not somehow be forced to instead charge him under the prosecution portion of the act just because it's conceivable that they could have. As set forth in the People's Briefs, we need not strike a bright line between apprehension on the one hand and prosecution on the other. If we look instead at the common understanding of those terms and the general landscape of obstruction cases in this state, it appears that the identification, location, and arrests are really at the core of the apprehension portion of the statute and that the concealment or destruction of evidence and any interference with witnesses are at the core of the prosecution portion of the statute. Another way to think about it would be that activities of police officers relate primarily to apprehension. Activities of the courts and prosecutors relate primarily to prosecution. And where here, there's no question that Officer Irving did not know who QP was. He was unaware of the outstanding warrant. And QP admitted that the entire purpose of concocting this identity was to evade arrest on the outstanding warrant. Charging QP under the apprehension portion of the statute was the most appropriate choice. I could briefly address the Smith v. Miller cases. Miller is distinguishable from this case because the court in Miller determined that Miller could not act with the intent of preventing an apprehension on the very charge for which he had already been arrested. There was no other unrelated charge at issue in Miller. Also in Smith, the court assumed that Smith had been apprehended because she had argued that she had been. The court then determined that even if she had been apprehended, that she could still act with the intent of preventing her apprehension on the narcotics charges. Additionally, this case is actually a stronger case for the people than Smith because there was some question as to whether Smith had actually already been apprehended on the narcotics charge. We don't have that question. Everyone agrees that Officer Irving was aware of the outstanding warrant at the time of QP's false statement. For these reasons and those that were not briefed, we would ask that the court reverse the judgment. Thank you. Case number 118569, Henry QP, will be taken under advisement as agenda number 8. Ms. Payne, Mr. Fisher, thank you for your arguments this morning. You're excused at this time.